COPE, J.
(concurring).
Ms. Blackman wrote to the trial judge, requesting that the judgment in her case be vacated. Ms. Blackman’s case bears a 1993 case number, and it appears from the letter that she has completed her sentence. The letter also contained a phrase in which she asked to seal her record.
The trial court treated the letter as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and denied it as untimely. I concur in the affirmance on that basis. As Ms. Black-man claims actual innocence, her only avenue of relief from the conviction would be by application to the Pardon Board.
In her notice of appeal (which the trial court did not see), Ms. Blackman included argument making clearer that she wishes to have her criminal record sealed. In order to pursue that relief, Ms. Blackman must submit a petition to seal or expunge on the appropriate forms contained in Florida Rule of Criminal Procedure 3.989, and follow the requirements of Rule 3.692. The requirements include obtaining a certificate of eligibility from the Florida Department of Law Enforcement. See *651 §§ 943.0585, 943.059, Florida Statutes (2008). It is impossible to determine from Ms. Blackman’s letter whether she is, or is not, eligible for sealing or expunction. No useful purpose would be served by a remand for the trial court to consider this issue, because the claim has not been properly pled.